UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

WILLIAM J. DAUGHERTY                                                              PLAINTIFF

v.                                                        CIVIL ACTION NO. 5:19-CV-P31-TBR

KAREN RAMEY                                                                      DEFENDANT

## MEMORANDUM OPINION

Plaintiff William J. Daugherty filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, this action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff is an inmate at the Kentucky State Penitentiary (KSP). He names as Defendant in her individual and official capacity KSP Nurse Karen Ramey. He alleges that on September 26, 2018, the medical department forgot to reorder his medication so he asked Defendant to examine him "to prove that I was still a Type 2 diabete like there computer said I was." He states that Defendant refused to do so until "after she learn of the civil action file against the medical department." He states:

> At the time all this started I believe I was a borderline diabete, up until I file a grievance, and that is when the medical department claim I was a Type 2 diabete, but I still could not help but to wonder about that, because Doctor Tangilag said that if I went for more than four or five days without this medication that I would become sick, to the point where they would have to put me in the hospital, until medical could get some medication in my system again, now for some reason medical forgot to reorder [my] medication, and [I] had to go four days and nights without it, then medical clam that they order it, but it had not come back yet.

As relief, Plaintiff requests monetary damages.

There are a number of attachments, some of which are copies of grievances Plaintiff filed. In those documents, Plaintiff refers to not getting his diabetes medication for over 100 days, although in the complaint form he only refers to being without his medication for a few days. However, in the documents which refer to going more than 100 days without his diabetes medication, Plaintiff states that he did not suffer ill effects which makes him question whether he had diabetes at all.

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference

toward [his] serious medical needs." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations and citations omitted). A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The objective component mandates a sufficiently serious medical need. *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004). The subjective component regards prison officials' state of mind. *Id*. The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 896 (internal quotation marks and citation omitted).

The Sixth Circuit has also noted that in the context of deliberate-indifference claims:

> [W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner alleges only that the medical care he received was inadequate, federal courts are generally reluctant to second guess medical judgments. However, it is possible for medical treatment to be so woefully inadequate as to amount to no treatment at all.

*Alspaugh*, 643 F.3d at 169 (internal quotations and citations omitted).

The crux of Plaintiff's complaint seems to be that on September 26, 2018, the KSP medical department forgot to reorder his diabetes medication; that after four days without his medication, Plaintiff questioned whether in fact he was a diabetic because he did not become sick so he asked Defendant Ramey to examine him to prove that he was still a Type 2 diabetic; and that Defendant Ramey refused to do so until she learned of a prior suit Plaintiff had filed against the KSP medical department. Therefore, Plaintiff's only claim against Defendant Ramey appears to be that she did not immediately provide him with a medical examination when he demanded one. However, Plaintiff does not explain how her refusal to immediately perform an examination on him at his request rises to the level of deliberate indifference. It appears at most

to be a disagreement between Plaintiff and Defendant Ramey about the urgency of diagnostic testing.

Nor is it necessary to allow Plaintiff to amend to name individuals responsible for forgetting to reorder his medication since forgetting to reorder his medication is at most negligence and not deliberate indifference. Neither negligent medical care nor delay in medical care constitutes a constitutional violation without deliberate indifference resulting in substantial harm. "Accidents, mistakes, negligence and medical malpractice are not constitutional violations merely because the victim is a prisoner." *Acord v. Brown*, No. 93-2083, 1994 WL 679365, at *2 (6th Cir. Dec. 5, 1994) (per curiam).

Here, at most, Plaintiff has alleged that due to mistake or negligence his medication was not immediately reordered, which does not rise to the level of a constitutional claim. *See Bell v. Jendell*, 980 F. Supp. 2d 555, 561 (S.D.N.Y. 2013) ("Plaintiff's claim that [the prison doctor's] alleged carelessness caused the prescription-refill delay is not equivalent to alleging that [the prison doctor's] behavior rises above the level of 'mere negligence.'"); *Wilkins v. Wetzel*, No. 2:12-CV-1152, 2013 WL 5504491, at *6 (W.D. Pa. Oct. 3, 2013) ("Plaintiff acknowledges that Nurse Jane Doe made an initial mistake by ordering the wrong prescription, and then 'forgot' to order the correct prescription. . . . The law is clear that negligence or medical malpractice does not establish deliberate indifference so as to give rise to a civil rights claim."). Moreover, Plaintiff has not alleged that he was harmed by the negligent failure to reorder his medication. In fact, he states that he suffered no ill effect. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) ("[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm.").

## III. CONCLUSION

For the foregoing reasons, this action will be dismissed by separate Order.

Date: May 31, 2019

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
　　Defendant
4413.009